

Linda Arce
12447 North 41st Avenue
Phoenix, AZ 85029-2964
Phone: 602, 574-0176
E-mail: linda.arce2@yahoo.com
    *Plaintiff pro se*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

**Linda Arce,**

                Plaintiff,

v.

**Honeywell International Inc**., a
Delaware for-profit corporation,

                Defendant.

CV21-00768-PHX-GMS

**Case # 2:21 CV-**

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

    Plaintiff Linda Arce (pro se), alleges the following facts and claims against Defendant Honeywell International Inc., a Delaware for-profit corporation, and demands a trial by jury, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), and 38(a & b):

## Section 1.  Eight Claims

<u>Count One:</u>  Family Medical Leave Act ("FMLA") Rights Interference, 29 U.S.C. 26 U.S.C 2615(a) (Paragraph 20)

<u>Count Two:</u>  Family Medical Leave Act ("FMLA") Rights Interference, 29 U.S.C. 26 U.S.C 2615(a) (Paragraph 21)

<u>Count Three:</u> Willful  Violation of Equal Pay Act (FLSA), 29 U.S.C. 206(d)(1)

<u>Count Four:</u> Equal Pay Act Retaliation (FLSA), 29 U.S.C. 215(a)(3)



<u>Count Five</u>: Sex discrimination in pay in violation of Title VII, 42 U.S.C. 2000e-2(a)

<u>Count Six</u>: Race/ethnic origin discrimination in pay in violation of Title VII, 42 U.S.C. 2000e-2(a)

<u>Count Seven</u>: Retaliation for having complained of sex discrim and race/ethnic origin discrim in violation of Title VII. 42 U.S.C. 2000e-3(a)

<u>Count Eight</u>: False Claims Act Retaliation, 31 U.S.C. 3730(h)

## Section 2.  The parties, jurisdiction and venue

**1.**  Plaintiff Linda Arce (hereinafter referred to as "Arce") was at all times material to this Complaint:

(A)  An adult resident of Maricopa County, Arizona;

(B)  A female of Hispanic/Mexican national/ethnic origin;

(C)  An "eligible employee" of Defendant Honeywell International Inc (hereinafter referred to as "Honeywell") as that term is defined and used in 29 U.S.C 2611(2)(A), whose minor son who resides with her has had a "serious health condition" as that term is used and defined in 29 U.S.C. 2611(11)(A);

(D)  an "employee" of Honeywell as that term is defined and used in 42 U.S.C. 2000e(f), and 42 U.S.C. 2000e-2(a) and 2000e-3(a); and

(E)  an employee of Honeywell as that term is defined and used in 29 U.S.C. 203(e)(1) and 29 U.S.C. 206(d)(1).

**2.**  Defendant Honeywell International Inc. ("Honeywell) is, and has been at all times material to this Complaint:

(A) A Delaware for-profit corporation doing business in the State of Arizona, in Maricopa County;

(B) The owner and operator of a worksite located at 21111 North 19th Avenue in Phoenix, Arizona where it employed Arce;

(C) The "employer" of Arce as that term is used and defined in:

(1) 29 U.S.C. 2611(4)(A);

(2) 29 U.S.C. 203, subsecs.(d), (r)(1) and (s)(1); and

(3) 42 U.S.C. 2000e(b);

(D) An employer with over 500 employees; and

(E) Had a contract with the Boeing Company to manufacture and supply software and avionics systems for use and installation in aircraft manufactured by Boeing for sale to and use by the United States Dept. of Defense.

**3.** All claims set forth herein arise under federal statutes and therefore this Court has subject matter jurisdiction provided by 28 U.S.C. 1331 and also 28 U.S.C. 1343(a).

**4.** All events alleged herein occurred in Maricopa County, Arizona.

**5.** This Court (Phoenix Division) is the appropriate venue for this action pursuant to 28 U.S.C. 1391(b)(2).

## Section 3.  Fact allegations supporting Plaintiff's claims

**6.** Arce earned a bachelor's degree in mechanical engineering (B.S.M.E.) from the University of Texas-El Paso, in 1988.

**7.** Arce was employed as a software quality assurance engineer by Honeywell from September, 1994 until February 8, 2021 when Honeywell terminated her employment.

**8.** Although Arce had been employed by Honeywell as an engineer since September, 1994, and had always performed her work satisfactorily or better, she had only been promoted from an Engineer I to and Engineer III, and she learned and observed that:

3

(A) Male engineers performing comparable work for Honeywell with comparable experience were being paid significantly higher salaries;

(B) Non-Caucasion female engineers were paid less than their comparable male counterparts at Honeywell;

(C) Non-Caucasion female engineers were not being given sufficient budgets to complete their assigned projects and to resolve division-wide Honeywell level one correction action request ("CAR");

(D) Non-Caucasion female engineers were socially isolated and ostracized by their male engineer counterparts including not being invited to employee events and meetings such as the weekly cupcake distributions during the summer of 2018; and

(E) Non-Caucasion female engineers were being denied one-on-one training provided to male engineers.

**9.** Arce also was concerned that she had seen engineers that she had trained for Honeywell being promoted while she was being passed over for promotion after promotion.

**10.** Arce also was concerned that she had seen engineers that she had trained for Honeywell being promoted while she was being passed over for promotion after promotion. Arce discussed these concerns about discrimination with another female engineer, Hyma Adibhatla , who was Asian/Indian, and also a direct subordinate Technical Supervisor Mark Hetelle, who had these observed these same patterns of discrimination.

**11.** In mid-March, 2018, at approximately the time when Honeywell Annual Performance Reviews were being given, Ms. Adibhatla told Arce that she had been placed on an unjustified and undeserved "Performance Improvement Plan" ("PIP") by Mr. Hetelle.

**12.** A day or two later, Arce heard Ms. Adibhatla shouting from Mr. Hetelle's office and she was very upset when she left.  Arce tried to console her, and she told



Arce that she had been placed on an unjustified and undeserved "Performance Improvement Plan" ("PIP").  They discussed the discrimination they had both endured at Honeywell (as described supra). In particular, they discussed the fact that in their "time site" database, Mr. Hetelle provided funding' and assignments to the people in our dept. who he favored who carried anywhere from 5 -15 programs vs. one or three that he had provided for them (non-caucasion female engineers), and they were forced to "beg" and constantly tell him that the funding for their programs was running out. Honeywell management was not providing enough funds to resolve CARs.

13.  Arce then went to Mr. Hetelle's office of Technical Supervisor Mark Hetelle, and they expressed the concerns that she and Ms. Adibhatla had about the discrimination (as described supra) to him, and asked that remedial steps be taken by Honeywell.

14. Mr. Hetelle did not take any remedial action or express any interest in addressing their concerns about discrimination. Instead he commenced a pattern of hostility and retaliation against both Arce and Ms. Adibhatla, including, inter alia, no longer allowing them to attend meetings with Honeywell customers.

15. After that meeting in which Arce and Ms. Adibhatla complained of employment discrimination, Mr. Hetelle's retaliation included a pattern of unjust criticism including telling her that she was hypersensitive and emotional, hyper-scrutinizing her work, denying her necessary funding, and being rude and impolite to her on a daily basis. Arce continued to be paid less than her male engineer comparators.

16. The retaliation by Mr. Hetelle finally reached a point where Ms. Adibhatla was constructively discharged by Honeywell.



5

**17.** As the retaliation increased and the discrimination continued, Arce again went to Mr. Hetelle to protest the disparate treatment she was being subjected to on September 14, 2018, but Mr. Hetelle continued to ignore her complaints.

**18.** On March 13, 2019, Mr. Hetelle gave Arce a formal three-page PIP which was dated March 11, 2019. The PIP warned that if Arce failed to meet any of the "expectations" in the PIP she may be terminated. The PIP was to be in effect for three months.

**19.** The PIP contained false and unjustified criticism of Arce's performance, and she objected to it when it was given to her. On May 8, 2019, she filed a formal notice of grievance and objections to the PIP, asking that it be cancelled, but her grievance was ignored.

**20.** First FMLA interference:

(A) Because of an ankle fracture and related conditions and limitations, Arce applied for and was granted intermittent FMLA leave during the period of June 18 and December 17 of 2018.

(B) However, she was prevented from taking such intermittent leave as needed because Honeywell pressured her to work overtime, off-hours, weekends, etc. to support overlapping certification efforts. This aggressive work schedule interfered with her approved intermittent FMLA leave resulting in Arce not being able to take time off from work to get required physical therapy for my ankle injury. As a result, my injury did not heal properly, and this caused further injury on June 19, 2019, which has caused Arce to suffer chronic neuropathy (numbness and "heaviness" in her left foot).

(C) Honeywell was well aware of her injury because she had to wear an orthopedic boot and her pace of walking was slowed.

**21.** Second FMLA interference:

(A) Arce filed a second request for FMLA leave effective July 17, 2019 to care for her severely disabled minor son and presented sufficient documentation

and complied with all FMLA requirements, and had not used all of her FMLA leave at that time. Her request was unlawfully denied which forced her to take leave anyway but without FMLA protection.

(B) Later, on October 31, 2019, Honeywell "retroactively approved" her request for the period of July 17, 2019 until October 8, 2019.

**22.** Thereafter, Arce remained "employed" by Honeywell on unpaid leave until Honeywell fired her on February 8, 2021.

**23.** Honeywell collaborates with the Boeing Company on many contracts that Boeing has as a supplier of aircraft and aircraft parts and service for the United States Dept. of Defense. Honeywell has a Defense Division in Clearwater, Florida.

**24.** Arce's Honeywell work assignments included development and certification of software and avionics systems for the US P8A-MMA aircraft which Boeing manufactured and sold to the United States government.

**25.** The U.S. Navy P8A-MMA aircraft is designed from the Boeing P-8A Poseidon (formally known as the Multi-mission Maritime Aircraft or MMA) as a military aircraft. It is designed to be capable of broad-area, maritime water operations, and is also a search and rescue aircraft.

**26.** Arce was a key member of the Honeywell group that reviewed, examined and certified various aircraft operational software functionalities (i.e., Platforms, Displays, etc. that fall under Federal Administration Agency (FAA) airworthiness certification directives for aircraft including the US P8A-MMA aircraft.

**27.** In September and October of 2018, in the course of performance of her work on the following project, Arce found Noncompliance/Corrective/defects regarding the equipment for the US P8-MMA aircraft during her "certification" process:

Supplier: Honeywell Int.
Airplane Model: P8A & P8I (International)
System Name: Common Displays Systems (CDS)
Software Name: Operational Program Software (OPS)

Boeing LRU (DEU) Part No.: 4081600-940
Boeing Media Set Part (MSP): HNP5E-AM01-7002
Boeing Software (LSP) Part No.: HNP5C-AL02-7002

**28.**    The Noncompliance/Corrective Action defects found by Arce in the: "P8A- MMA CDS OPS AAS Version BL- were:

Regeneration of the Executable Object Code per DO-178B, Sect. 8.3 (f):  Per regulatory software conformity requirements, Honeywell is required to demonstrate that the 'Executable Object Code" can be regenerated from the archived source code.  Honeywell is required to have the ability to ensure the integrity of flight software, including all pertinent specifications, tools and platforms is properly archived and they should be able to retrieve from our archival system/library in the event of an aircraft disaster.

**29.** Arce recommended that there be formal reviews of certification technical specifications. Honeywell responded that it was no longer funding any formal reviews because of costs.

**30.** Arce notified the appropriate management at Honeywell and Boeing of this regulatory noncompliance finding that impacted software products submitted as part of a compliance program as follows:

1. Honeywell (D&G COE) -Ken Wyke

2. Honeywell (D&G COE) -Andrew Teague

3. Honeywell (Senior PDQE) - Connie Miller

4. Thomas G. Lee, PE, TLE -Boeing Defense, Space & Security, BMA- Mobility, Surveillance & Engagement Division for the P8 Mission Systems HW- Flight Deck & Avionics IPT

5. Phuoc T. Huynh - P8A/PSI-Software Quality Engineer (SQE)

**31.** At a teleconference with Boeing officials and Honeywell engineers on September 15, 2018 regarding a different project for Boeing (with Mr. Hetelle and Arce participating), the Honeywell Project Director  harshly criticized Arce for



reporting regulatory noncompliance findings that impacted software products submitted as part of a compliance program, causing severe embarrassment for Arce, but Boeing Supplier Quality official Peter Marflitt spoke up and defended and praised her for being diligent and promptly reporting the problem so that there was awareness and corrective actions could be taken.

32. After that teleconference, Mr. Hetelle was very hostile towards Arce making her working conditions intolerable including denying or sabotaging her much needed FMLA leave, and later refusing to let her return to work after she was out on leave, infra.

33. Because of health issues, Arce was on unpaid leave from her Honeywell job from July 17, 2019 until November 14, 2019 when she informed Honeywell that she was ready and able and wanted to return to work, but her request to return to work was denied on Nov. 17, 2019, when Honeywell told her that she "was a problem, was not allowed to return to work or to get a transfer to another department."   She was left "twisting in the wind" as a Honeywell "employee" involuntarily kept on unpaid leave until Honeywell fired her on February 8, 2021.

34. As the direct result of the conduct of Honeywell alleged herein, Arce has suffered a loss of employment income, employee benefits, emotional distress, embarrassment, a reduced standard of living, and humiliation.

35.  Arce is entitled to punitive damages because Honeywell's conduct described herein was  unlawful and intentional, in violation of her rights under the laws of the United States, and done with deliberate intent to harm and punish her for complaining about Honeywell's unlawful conduct and the harm it caused.

## Section 4. Exhaustion of Administrative Remedies through the EEOC

36.  Based upon the foregoing, Arce filed a timely charge of  discrimination and retaliation in violation of the Title VII against Honeywell with the United States



Equal Employment Opportunity Commission ("EEOC"), EEOC Charge, #540-2020-01414 on January 7, 2020, 31, 2019, Exhibit 1 attached infra, which is incorporated herein by reference pursuant to FRCP Rule 10(c).

**37.**  On January 28, 2021, the EEOC issued to Arce its notice of right to sue, Exhibit 2 attached infra, which is incorporated herein by reference pursuant to FRCP Rule 10(c).

**38.**  This Complaint is filed within ninety days of Arce's receipt of her notice of right to sue, Exhibit 2 infra.

## Section 5.  Demand for trial by jury

Plaintiff Linda Arce demands a trial by jury on all of her claims, pursuant to the U.S. Constitution Seventh Amendment, 42 U.S.C. 1981a(c)(1), and Federal Rules of Civil Procedure Rule 38 (a & b).

## Section 6.  Relief Requested

Based upon the foregoing, Plaintiff Linda Arce respectfully requests the following judgment and relief against Defendant Honeywell:

**Count One:  Family Medical Leave Act ("FMLA") Rights Interference, 29 U.S.C. 26 U.S.C 2615(a) (Paragraph 20)**

1. Liquidated damages as provided by 29 U.S.C. 2617(a)(1)(A)

2. Equitable relief as provided by 29 U.S.C. 2617(a)(1)(B)

3. Reasonable attorney's fees and expert fees, pursuant to 29 U.S.C. 2617(a)(3), and FRCP Rule 54(d)(2)

4. Taxable costs pursuant to FRCP Rule 54(d)(1), and 28 U.S.C 1920



<u>**Count Two:**</u>  **Family Medical Leave Act ("FMLA") Rights Interference, 29 U.S.C. 26 U.S.C 2615(a) (Paragraph 21)**

1. Liquidated damages as provided by 29 U.S.C. 2617(a)(1)(A)

2. Equitable relief as provided by 29 U.S.C. 2617(a)(1)(B)

3. Reasonable attorney's fees and expert fees, pursuant to 29 U.S.C. 2617(a)(3), and FRCP Rule 54(d)(2)

4. Taxable costs pursuant to FRCP Rule 54(d)(1), and 28 U.S.C 1920

<u>**Count Three:**</u> **Willful Violation of Equal Pay Act (FLSA), 29 U.S.C. 206(d)(1)**

1.  Lost past income damages including the value of lost employee benefits for the three years preceding the filing of this Complaint on April 30, 2021

2.  Liquidated damages, pursuant to 29 U.S.C. 626(b) and 29 U,S,C. 216(b).

3.  Equitable relief pursuant to 29 U.S.C. 626(b)

4.  Attorneys' fees and "costs of the action" required by 29 U.S.C. 626(b) and 29 U.S.C. 216(b), pursuant to FRCP Rules 54(d)(2) and 54(d)(1)

<u>**Count Four:**</u> **Equal Pay Act Retaliation (FLSA), 29 U.S.C. 215(a)(3)**

1.  Compensatory damages

2.  Punitive damages

3.  Injunctive relief

4.  Attorneys' fees and "costs of the action" required by 29 U.S.C. 626(b) and 29 U.S.C. 216(b), pursuant to FRCP Rules 54(d)(2) and 54(d)(1)

<u>**Count Five:**</u> **Sex discrimination in pay in violation of Title VII, 42 U.S.C. 2000e-2(a)**

1.  Compensatory damages

2.  Punitive damages

3.  Injunctive relief

4. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d)(2), and 42 U.S.C. 2000e-5(k)

5. Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C 1920

## <u>Count Six</u>: Race/ethnic origin discrimination in pay in violation of Title VII, 42 U.S.C. 2000e-2(a)

1.  Compensatory damages

2.  Punitive damages

3.  Injunctive relief

4. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d)(2), and 42 U.S.C. 2000e-5(k)

5. Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C 1920

## <u>Count Seven</u>: Retaliation for having complained of sex discrim and race/ethnic origin discrim in violation of Title VII. 42 U.S.C. 2000e-3(a)

1.  Compensatory damages

2.  Punitive damages

3.  Injunctive relief

4. Reasonable attorney's fees and expert fees, pursuant to Federal Rules of Civil Procedure Rule 54(d)(2), and 42 U.S.C. 2000e-5(k)

5. Taxable costs pursuant to Federal Rules of Civil Procedure, Rule 54(d)(1), and 28 U.S.C 1920



**Count Eight:** **False Claims Act Retaliation, 31 U.S.C. 3730(h)**

All relief specified in 31 U.S.C. 3170(h)(2)

Respectfully submitted this 30th day of April, 2021,

Signed: _____

Linda Arce, Plaintiff

## ATTACHED EXHIBITS

1.  **EEOC charge #540-2020-01414 (filed January 7, 2020) (one page)**

2.  **Notice of right to sue for EEOC charge #540-2020-01414  (dated January 28, 2021) (one page)**



13

1
2
3
4
5
6
7
8
9
10
11
12

# Exhibit 1

13
14
15
16
17

**EEOC charge #540-2020-01414 (filed January 7, 2020) (one page)**

18
19
20
21
22
23
24
25
26
27
28



EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 540-2020-01414 |
| | | and EEOC |

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| Ms. Linda Arce | 602-574-0176 | 01/04/1963 |

| Street Address | City, State and ZIP Code |
|---|---|
| 12447 N 41st Ave | Phoenix, Arizona 85029 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| Honeywell Aerospace | 40,000 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 21111 N. 19th Ave | Phoenix, Arizona 85027 |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: March 13, 2019     Latest:

☒ CONTINUING ACTION

I believe that I have been discriminated against due to my race (Hispanic) and gender (female) in violation of Title VII of the Civil Rights Act of 1964. In addition, I believe that I have been retaliated against for complaining about the discrimination and sexual harassment, including a cyber-security breach(my computer was hacked). Finally, I believe that I am being discriminated against because of my disability in violation of the Americans with Disabilities Act.

I have worked for Respondent Honeywell as an Engineer in Quality Assurance since September 1994. I was recognized as an excellent employee until I reported sexual harassment, intimidation, and stalking by my ex-husband (a former employee of Respondent). Though the investigation was substantiated, since that complaint, I have been retaliated against (been passed over for promotion and relegated to lesser duties and not received equitable pay). In addition, I have been treated differently than similarly situated male and non-Hispanic employees.

In addition to Respondent interfering with my FMLA leave (to take care of my mentally-ill son), Honeywell failed to accommodate my disability. All requested accommodations were denied; instead, I was placed on a PIP after the requests were made.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 01/07/20    *Charging Party Signature*<br>Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 2

## Notice of right to sue for EEOC charge #540-2020-01414  (dated January 28, 2021) (one page)



EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Linda Arce<br>12447 N. 41st Ave.<br>Phoenix, AZ 85029 | From: | San Diego Local Office<br>555 W. Beech Street<br>Suite 504<br>San Diego, CA 92101 |
|---|---|---|---|

|  | ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **540-2020-01414** | **Bradley Tjalas,**<br>**Investigator** | **(619) 900-1621** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒    The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐    Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

For    *Bradley Tjalas*
Digitally signed by Bradley Tjalas
DN: cn=Bradley Tjalas, o=EEOC, ou=San Diego Local
Office, email=bradley.tjalas@eeoc.gov, c=US
Date: 2021.01.28 09:34:06 -08'00'

1/28/2021

|  | **Pamela A. Bloomer,**<br>**Director** | *(Date Issued)* |
|---|---|---|

Enclosures(s)

cc:    **Kodili Ezetendu**
**Corporate Paralegal**
**HONEYWELL INTERNATIONAL INC**
**115 Tabor Rd.**
**Morris Plains, NJ 07950**

**Troy P. Foster, Esq.**
**THE FOSTER GROUP**
**518 E. Willettta St.**
**Phoenix, AZ 85004**